UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HAYRIYE TASTAN,

                          Plaintiff,                              **REPORT AND**
                                                                                  **RECOMMENDATION**
       -against-                                              CV 23-1831 (NRM) (ARL)

COMMISSIONER OF THE SOCIAL SECURITY
ADMINISTRATION,

                            Defendant.
------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

       Plaintiff, Hayriye Tastan ("Plaintiff"), brought this action pursuant to the Social Security Act, 42 U.S.C. § 405 et seq., challenging a final determination by the Commissioner of the Social Security Administration ("SSA") that Plaintiff was ineligible to receive Social Security disability insurance benefits. ECF No. 1. Before the Court is a motion for attorneys' fees, pursuant to 42 U.S.C. § 406(b) filed by Plaintiff's counsel. ECF No. 13. Defendant takes no position on the amount of the award. ECF No. 14. On August 26, 2024, the motion was referred to the undersigned by District Judge Morrison. For the reasons set forth below, the Court respectfully recommends that Plaintiff's counsel's fee request of $10,542.68 under 42 U.S.C. § 406(b) be found reasonable but that Plaintiff's counsel be directed to submit an affidavit explaining the difference between the retained amount set forth in the Notice of Award and the amount sought by Plaintiff's motion.

## BACKGROUND

       Plaintiff brought this case seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of Plaintiff's application for disability benefits under the Social Security Act. ECF No. 1. On July 19, 2023, the parties advised the Court that Plaintiff

and Defendant had agreed to a voluntary remand of the matter for further administrative proceedings. ECF No. 9. On July 20, 2023, the Court granted the parties' motion to remand to the SSA for further proceedings. On August 10, 2023, this Court awarded $7,700.00 in attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, which unlike Section 406(b) fees, are paid from a source other than a claimant's past-due benefits. ECF No. 12. In a June 25, 2024, Notice of Award letter, the SSA determined that Plaintiff was due benefits and that SSA withheld $10,542.68 from Plaintiff's past due benefits to pay a possible attorneys' fee request. ECF No. 13-2, p. 6. According to the Notice of Award, the $10,542.68 included $7,200 that had been authorized under the approved fee agreement. *Id*. The Notice of Award further states, "[w]e will pay your representative $7,200.00 minus the applicable service charge to your representative now. We will still withhold the rest, $3,342.68 in case the representative asks the Federal Court to approve a fee for work that was done before the Federal Court."

Plaintiff's counsel filed a motion for attorneys' fees on August 7, 2024, for an award of attorneys' fees of $10,542.68. ECF No. 13. According to Plaintiff the motion is timely because the Notice of Award was not received until July 25, 2024, and the motion was filed 13 days after receipt of the Notice of Award letter. ECF No. 13. Plaintiff requested that $10,542.68 be awarded to counsel in accordance with the fee contract signed by the Plaintiff. *Id*. at ¶ 6. In support of their motion for attorneys' fees, counsel provided the Court with an affirmation of Kira Treyvus, attorney of record for the Plaintiff attaching the following: (1) a letter from the Social Security Administration approving Plaintiff's disability benefits, ECF 13-2 at 2-9, Exhibit A, SSA Retirement, Survivors, and Disability Insurance Award Notice ("Notice of Award"); (2) a fee agreement, signed by Plaintiff on February 14, 2023, where Plaintiff agreed to pay a 25%

contingency fee of Plaintiff's past due benefits if awarded, ECF 13-2, at 9-12, Exhibit B; and (3) an itemized bill of hours billed contemporaneously for time spent on this case between January 2023 and June 2023 for fees totaling $8,091.39, ECF 13-2 at 13, Exhibit C.  One attorney worked on Plaintiff's case, Kira Treyvus. ECF 13-2 at 13.  Ms. Treyvus, has not provided any details of her experience as an attorney, but rather details the experience of her firm in handling Social Security disability claims.  ECF No. 13 ¶¶ 14-23.  Ms. Treyvus billed 30.8 hours and a paralegal, Tara Quinones, billed 3 hours, for a total of 33.8 hours spent litigating this case. ECF 13-2 at 13.  Counsel provided detailed supporting billing records for this time, and seeks an award of $10,542.68, approximately 25% of Plaintiff's past-due benefits.  *Id*.  While Defendant does not oppose the motion, the Commissioner's response notes that if the Court agrees to counsel's request to award a net fee rather than require counsel to refund the EAJA fee received previously, the reasonableness determination of the section 406(b) fee request must be based on the full 406(b) fees sought rather than the net fee awarded after the offset."  ECF No. 14.

## DISCUSSION

### A.  Standard of Review

"[Section 406(b) of the SSA] authorizes a court that enters a judgment favorable to a social security claimant to award, 'as part of its judgment,' a reasonable fee for counsel's representation before the court, not to exceed 25% of the total past-due benefits to which the claimant is entitled 'by reason of such judgment.'" *Sinkler v. Berryhill*, 932 F.3d 83, 86 (2d Cir. 2019) (quoting 42 U.S.C. § 406(b)(1)(A) and citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002)).  In reviewing a motion for attorneys' fees pursuant to §406(b), this court reviews both the timeliness of the motion and the reasonableness of the fee. *See, e.g., Barone v. Saul,* 2019 U.S. Dist. LEXIS 122538, 2019 WL 3296616 (W.D.N.Y. 2019);

*Walkowiak v. Comm'r of Soc. Sec.*, No. 13-CV-896, 2019 U.S. Dist. LEXIS 203367, 2019 WL 6242549 (W.D.N.Y. 2019); *Dillon v. Saul*, No. 1:16-CV-00425-MAT, 2020 U.S. Dist. LEXIS 10761, 2020 WL 360966 (W.D.N.Y. 2020).

With respect to timeliness, in *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019), the Second Circuit found that the 14-day limitations period of Rule 54(d)(2)(B) applies to applications for §406(b) fees but is subject to equitable tolling "until a benefits calculation is made on remand and notice thereof received by the parties." *Id.* at 89. Accordingly, motions for benefits made within seventeen days (fourteen days under Rule 54(d)(2)(B), plus three days for mailing) of receipt of a Notice of Award for benefits are timely. *See Paula G. v. Comm'r of Soc. Sec.*, No. 6:21-cv-6119-JJM, 2024 U.S. Dist. LEXIS 190806, 2024 WL 4532822 (W.D.N.Y. Oct. 21, 2024); *Vazquez v. Comm'r of Soc. Sec.*, No. 20-CV-10809 (AT) (OTW), 2024 U.S. Dist. LEXIS 102010, 2024 WL 3415816 (S.D.N.Y. June 7, 2024) (holding motion was timely when Plaintiff's counsel did not receive notice the Notice of Award until 28 days after it was issued and filed the motion promptly two days later); *BillyJo M. v. Comm'r of Soc. Sec.*, 568 F. Supp. 3d 309, 312 (W.D.N.Y. Oct. 20, 2021) ("Given [p]laintiff's counsel's uncontested lack of notice of the [n]otice of [a]ward and subsequent filing within [fourteen] days of receiving notice, the [c]ourt finds that the [p]laintiff's motion for attorneys' fees is timely or, alternatively, tolls the deadline for the filing").

As to reasonableness, "where there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). The Court's reasonableness analysis looks at three factors: (1) whether the

4

requested fees exceed the 25 percent limit, (2) whether the contingent fee agreement was reached through "fraud or overreaching," and (3) whether the requested fees would represent a windfall to counsel. *Wells*, 907 F.2d at 372; *Villanueva v. Acting Comm'r of Soc. Sec.,* No. 21-CV-4945 (LDH), 2024 U.S. Dist. LEXIS 237431 (E.D.N.Y. Dec. 2, 2024).  To assess whether the requested fees would be a windfall, the Court considers: (1) the ability, expertise, and efficiency of counsel, (2) the nature and length of the relationship with the claimant, (3) the satisfaction of the disabled claimant with counsel's services, and (4) the uncertainty of an award of benefits. *Wells*, 907 F.2d at 372.  "Additionally, when an attorney seeking a fee award pursuant to Section 406(b) also is awarded fees under the EAJA, '[f]ee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.'" *Villanueva,* 2024 U.S. Dist. LEXIS 237431, at *7, quoting *Gisbrecht*, 535 U.S. at 796.

    B. Analysis

        a. Timeliness

First the Court must consider the timeliness of Plaintiff's motion.  Plaintiff contends that the request for attorneys' fees is timely because, although the SSA issued a Notice of Award on June 25, 2024, counsel did not receive it until July 25, 2024, and filed this action on August 7, 2024, within the fourteen-day window to move the Court for attorneys' fees under Federal Rule of Civil Procedure 54.  ECF No. 13 ¶ 5.  Defendant takes not position of the timeliness of Plaintiff's motion.

"Rule 54 requires a motion for attorney's fees to be made within fourteen days of 'judgment,' defined to include 'any order from which an appeal lies.'" *Sinkler,* 932 F.3d at 86 (quoting Fed. R. Civ. P. 54(a), (d)(2)(B)(i)).  Ordinarily, the fourteen-day period begins to run when counsel receives notice of the award, and the law "presumes" that counsel receives communications

within three days. *Virgil v. Comm'r of Soc. Sec.*, No. 19-CV-1473, 2022 U.S. Dist. LEXIS 12385, 2022 WL 203675, *1 (E.D.N.Y. Jan. 24, 2022) (quoting *Sinkler*, 932 F.3d at 87-89 & n.5). The fourteen-day period is "not absolute," and "district courts are empowered to enlarge that filing period where circumstances warrant." *Sinkler,* 932 F.3d at 89 (citations omitted); *see Vazquez,* 2024 U.S. Dist. LEXIS 102010, 2024 WL 3415816 (holding motion was timely when Plaintiff's counsel did not receive notice the Notice of Award until 28 days after it was issued and filed the motion promptly two days later); *Bluet v. Comm'r of Soc. Sec.*, No. 19-CV-6323, 2022 U.S. Dist. LEXIS 8634, 2022 WL 160267, at *2 (E.D.N.Y. Jan. 18, 2022) (finding motion for attorneys' fees timely where counsel represented that he did not receive the notice until the SSA filed it). Accordingly, the Court finds the Plaintiff's motion was timely filed.

  **b. Reasonableness**

 Turning next to reasonableness, Plaintiff contends that the request for attorneys' fees is reasonable, because the 406(b)-fee requested is less than what Plaintiff's counsel could have requested under the fee contract and Culbertson. ECF No. 13 at ¶7. Pursuant to the fee agreement, counsel is requesting $10,542.68, or 25% of Plaintiff's past due benefits awarded in June 2024. The 25% fee arrangement is in line with the statutory cap set forth in 42 U.S.C. § 406(b)(1)(A). Additionally, the requested fees accrued only for counsel's representation of Plaintiff in this action and for subsequent proceedings before the SSA after the Court remanded Plaintiff's appeal. Nothing in the record indicates any fraud or overreaching in counsel and Plaintiff coming to an agreement regarding contingency fees. Therefore, this fee agreement is reasonable.

 Next, counsel's *de facto* hourly rate is reasonable. Counsel seeks payment for 33.8 hours of work from one attorney and one paralegal, resulting in an hourly rate of $311.91. Courts have

6

previously found much greater hourly rates to be reasonable for similar work on plaintiffs' appeals of SSA decisions. *See, e.g., Henrich v. Acting Comm'r of Soc. Sec.*, No. 22-CV-3472 (AMD), 2024 U.S. Dist. LEXIS 159052, 2024 WL 4043681, at *2 (E.D.N.Y. Sept. 3, 2024) (finding hourly rate of $945.27 for 47.8 hours reasonable); *Mehlrose v. Comm'r of Soc. Sec.,* No. 20-CV-3406 (WFK) (LGD), 2024 U.S. Dist. LEXIS 28678, 2024 WL 698729, at *3 (E.D.N.Y. Feb. 15, 2024) (finding hourly rate of $763.31 for 31.5 hours reasonable), adopted by 2024 U.S. Dist. LEXIS 40424, 2024 WL 990122 (E.D.N.Y. Mar. 7, 2024); *Hennelly v. Kijakazi*, No. 20-CV-4786 (JGK), 2023 U.S. Dist. LEXIS 96951, 2023 WL 3816961, at *2 (S.D.N.Y. June 5, 2023) (an hourly rate of $1,705.16 did not constitute "windfall" to counsel). Thus, the undersigned finds that counsel's *de facto* hourly rate here is reasonable.

The undersigned also finds that the requested fees are not a windfall. "In determining whether there is a windfall that renders a § 406(b) fee in a particular case unreasonable, courts must consider more than the *de facto* hourly rate." *Fields*, 24 F.4th at 854. To assess whether the requested fees would be a windfall, the Court considers: (1) the ability, expertise, and efficiency of counsel, (2) the nature and length of the relationship with the claimant, (3) the satisfaction of the disabled claimant with counsel's services, and (4) the uncertainty of an award of benefits. *Wells*, 907 F.2d at 372.

First, with respect to "the ability and expertise of the lawyers and whether they were particularly efficient," the Court believes that 33.8 hours of work was a reasonable amount of time to spend on this matter. In *Fields*, the Second Circuit found that 25.8 hours reviewing an 863-page transcript, drafting a 19-page brief, and then obtaining a stipulation of dismissal demonstrated particular efficiency, and that "other lawyers might reasonably have taken twice as much time" to do the same work, justifying a de facto hourly rate of $1,556.98. *Id*. at 854. Next,

7

with respect to "the nature and length of the professional relationship with the claimant including any representation at the agency level," *Fields*, 24 F.4th at 855, the Court notes that counsel did not represent Plaintiff before the agency prior to bringing this action. Consequently, in this case, counsel did not have the type of attorney-client relationship built over multiple rounds of representation that helped its work in *Fields*. *See also Foster v. Comm'r of Soc. Sec.,* No. 19-CV-1743 (PKC), 2023 U.S. Dist. LEXIS 205707, 2023 WL 7924172, at *4 (E.D.N.Y. Nov. 16, 2023) (holding that this factor "justifie[d] a slight downward adjustment" where attorney-movant did not represent the plaintiff before the agency and plaintiff initially filed their suit pro se). Nonetheless, the Court does not find that this factor justifies a downward adjustment of counsel's effective hourly rate in this case, given that the number of hours the firm spent was not greater than necessary and the *de facto* hourly rate is relatively low.

Third, the Court presumes that Plaintiff is satisfied with receiving the past-due benefits that were sought because there is no evidence in the record to the contrary. Given the successful outcome, this factor weighs against finding the fee to be a "windfall." *See, e.g., Finnegan v. Commr. of Soc. Sec.*, 2024 WL 4494088, at *4 (E.D.N.Y. Oct. 15, 2024) ("the Court presumes that Plaintiff is satisfied with receiving the past-due benefits that he sought; there is no evidence in the record to the contrary"). Finally, with respect to "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," counsel has not argued that there was anything particularly uncertain about achieving a remand in this case. Nor did counsel spend considerable time to secure one. As noted by the Second Circuit in *Fields*, a "windfall is more likely to be present in a case . . . where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery." *Fields*, 24 F.4th at 856. Nevertheless, "a windfall occurs only when it is truly

clear that the fee is unearned by counsel." *Thomas v. Comm'r of the SSA*, No. 23 CIV. 04642 (LJL) (GWG), 2024 U.S. Dist. LEXIS 217945, 2024 WL 4942283, at *3 (S.D.N.Y. Dec. 3, 2024). Given the initial denial by the SSA, the award of benefits certainly was not guaranteed. In light of the reasonableness of counsel's *de facto* hourly rate and the lack of any firm evidence supporting a finding that the fees would result in a windfall, the requested fees are reasonable.

    **c. Previous EAJA Award**

Where a plaintiff's counsel received fees for the same work under the EAJA and 42 U.S.C. § 406(b), counsel must refund to the plaintiff the amount of the smaller fee. *See Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.") (internal quotations and citations omitted). Here, Plaintiff's counsel received an EAJA fee award in the amount of $7,700, and is seeking distribution of $2,842.68 from the SSA. ECF No. 13 ¶ 6.

Typically, when fees are awarded to a claimant's counsel under both the EAJA and 42 U.S.C. § 406(b), the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Walsh v. Comm'r of Soc. Sec.*, No. 17-CV-5465 (WFK), 2022 U.S. Dist. LEXIS 160429, 2022 WL 4079588, at *3 (E.D.N.Y. Sept. 6, 2022) (denying request to award of a "net" payment of 406(b) fees minus the previously awarded EAJA fees) (quoting *Gisbrecht,* 535 U.S. at 797 (citing Act of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat. 186)); *see also Sutton v. Comm'r of the SSA,* No. 20-CV-3441, (PKC), 2024 U.S. Dist. LEXIS 187455, 2024 WL 4494116 (E.D.N.Y. Oct. 15, 2024); *Fortier v. Comm'r of Soc. Sec.*, 17 Civ. 1969 (KMK) (AEK), 2024 U.S. Dist. LEXIS 144126, 2024 WL 4264865 (S.D.N.Y. Aug. 13, 2024); *Brickel v. Kijakazi*, No. 20-cv-

11033 (KMK) (AEK), 2023 U.S. Dist. LEXIS 64544, 2023 WL 4060098, at *4 (S.D.N.Y. Apr. 12, 2023). "Although some out-of-circuit opinions have approved [offsets of the EAJA fee against the 42 U.S.C. § 406(b) award] . . . courts in this Circuit have uniformly denied similar requests to offset section 406(b) fees so as to avoid the reporting of income to the claimant." *Reyes v. Berryhill*, No. 17-CV-7214 (RLM), 2021 U.S. Dist. LEXIS 55634, 2021 WL 1124752, at *4 (E.D.N.Y. Mar. 24, 2021) (collecting cases).  Here, however, the Notice of Award indicates that $7,200 (minus a service fee of $117) was paid to Plaintiff's representative pursuant to an approved fee agreement.  ECF No. 13-2 at 3.  According to the Notice of Award, the SSA has retained $3,342,68 in the event Plaintiff's counsel applied for an increased award.  *Id.* at 4.  These figures are different from the request submitted by Plaintiff's counsel.  *See* ECF No. 13 ¶ 6 ("[t]his sum should be reduced by the original EAJA award of $7,700.00, for a NET TOTAL FEE of $2,842.68").   Thus, while the undersigned respectfully recommends that Plaintiff's counsel's fee award of $10,542.68 under 42 U.S.C. § 406(b) should be found reasonable, Plaintiff's counsel should be directed to submit an affidavit explaining this difference and supporting the request for an order seeking the distribution of $2,842.68 from the SSA.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF.  Any requests for an extension of time for filing objections must be directed to Judge Morrison prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018

10

U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997).

Dated: Central Islip, New York
       February 20, 2025

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge